[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Plaintiff-appellant Ohio State Dental Board ("Board") filed a disciplinary action against defendant-appellee Stephen Gilmore alleging violations of R.C. 4715.30(A)(2). In the first count, the Board alleged that Gilmore had placed veneers on teeth numbered 6, 7, 8, 9, and 11 for Patient #1, but billed them as porcelain crowns. In the second count, the Board alleged that Gilmore had made a bleaching tray for Patient #2, but billed it as a porcelain crown for tooth #30 for Patient #1.
{¶ 3} Following an administrative hearing, where Gilmore testified on his own behalf, the hearing examiner filed a report and recommendation finding that Gilmore had twice violated R.C. 4715.30(A)(2) by making intentional misrepresentations concerning the billing of both patients and by engaging in a material deception of Patient #1. The hearing examiner recommended indefinite suspension of Gilmore's dental license.
{¶ 4} Gilmore filed timely objections to the report and recommendation with the Board. The Board issued an administrative order approving the hearing examiner's finding that Gilmore had committed two violations of R.C. 4715.30(A)(2). But the Board modified the hearing examiner's recommendation for indefinite suspension and issued an order calling for a 90-day suspension of Gilmore's license, with 30 days stayed, a three-year probationary period, and completion of 20 hours continuing education in dental ethics.
{¶ 5} Pursuant to R.C. 119.12, Gilmore filed an appeal with the Hamilton County Court of Common Pleas. Oral arguments were conducted before a magistrate on March 22, 2001, but a transcript of the hearing is not included in the record. The magistrate issued a decision recommending that the Board's order be reversed in its entirety. The Board filed objections to the magistrate's decision. The trial court rejected the Board's objections and adopted the decision of the magistrate.
{¶ 6} The Board now alleges, in its sole assignment of error, that the trial court erred as a matter of law by requiring the Board to establish that Gilmore had actually received some monetary gain as a result of his misrepresentation and deception. Specifically, the Board maintains that a showing of an attempt to receive money or something of value was sufficient to prove a violation of R.C. 4715.30(A)(2). In response, Gilmore contends that the trial court properly considered the element of "attempt."
R.C. 4715.30(A) provides in pertinent part,
 The holder of a certificate or license issued under this chapter is subject to disciplinary action by the state dental board for any of the following reasons: * * * (2) Obtaining or attempting to obtain money or anything of value by intentional misrepresentation or material deception in the course of practice.
 When reviewing an appeal from the medical board, the trial court must examine the evidence and determine whether the board's order is supported by "reliable, probative, and substantial evidence, and is in accordance with the law."[1] On appeal to this court, our review is limited to a determination of whether the trial court abused its discretion in deciding any factual issues.[2] We, however, review issues of law de novo.[3]
{¶ 7} Having reviewed the magistrate's decision, which was approved and adopted in its entirety by the trial court, we are satisfied that the trial court appropriately considered the element of "attempt." In reversing the Board's order, the trial court concluded that there was no evidence to demonstrate that an insurance claim had been filed or that Gilmore had submitted false statements to an insurance company. Moreover, the trial court found that the amount charged to Patient #1 for work performed on her mouth was the same for veneers and porcelain crowns, and that the amount charged to Patient #1 for work performed on her son, Patient #2, was appropriate for the services actually rendered. In sum, the trial court determined that "[t]he record does not contain enough evidence for this court to find the Board had a reasonable basis to conclude that Gilmore was attempting to obtain a thing of value by means of material deception." This language, viewed in the context of the trial court's analysis, demonstrates that the court did not misapply the law. Thus, we cannot conclude that the trial court erred as a matter of law.
{¶ 8} Finally, having reviewed the record we cannot say that the trial court abused its discretion in determining that the record did not contain reliable, probative and substantial evidence that Gilmore had obtained or attempted to obtain a thing of value by material deception. Accordingly, we overrule the Board's assignment of error and affirm the judgment of the trial court.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] Pons v. Ohio State Medical Board (1993), 66 Ohio St.3d 619,621, 614 N.E.2d 748.
[2] See id.
[3] See University of Cincinnati College of Med. v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339, 343-344, 587 N.E.2d 835; OhioVeterinary Med. Bd. v. Singh (1998), 127 Ohio App.3d 23, 28,711 N.E.2d 740.